IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTERNET MACHINES MC LLC<br><br>　　Plaintiff,<br><br>　　v.<br><br>PLX TECHNOLOGY, INC.;<br>ALIENWARE CORPORATION;<br>AVNET, INC.;<br>DELL, INC. D/B/A DELL COMPUTER, INC. D/B/A DELL COMPUTER F/K/A DELL COMPUTER CORP.;<br>MOUSER ELECTRONICS, INC.;<br>NATIONAL INSTRUMENTS CORP.; AND SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　Defendants. | COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

　　Plaintiff Internet Machines MC LLC files this Complaint against PLX TECHNOLOGY, INC.; ALIENWARE CORPORATION; AVNET, INC.; DELL, INC. D/B/A DELL COMPUTER, INC. D/B/A DELL COMPUTER F/K/A DELL COMPUTER CORP.; MOUSER ELECTRONICS, INC.; NATIONAL INSTRUMENTS CORP.; AND SAMSUNG ELECTRONICS AMERICA, INC. (collectively "Defendants").

**PARTIES**

　　1. Internet Machines MC LLC ("iMac MC" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 208 N. Green Street, Suite 310 in Longview, Texas.

　　2. Defendant PLX TECHNOLOGY, INC. ("PLX") is, on information and belief, a Delaware corporation with a place of business at 870 W. Maude Avenue, Sunnyvale, CA 94085.

3. Defendant ALIENWARE CORPORATION ("ALIENWARE") is, on information and belief, a Florida corporation with a place of business at 14591 Southwest 120th Street, Miami, Florida 33186, or at One Dell Way, Round Rock, Texas 78682.

4. Defendant AVNET, INC. ("AVNET") is, on information and belief, a New York corporation with a place of business at 2211 South 47th Street, Phoenix, Arizona 85034.

5. Defendant DELL, INC. D/B/A DELL COMPUTER, INC D/B/A DELL COMPUTER F/K/A DELL COMPUTER CORP. is, on information and belief, a Delaware corporation with a place of business at One Dell Way, Round Rock, Texas 78682.

6. Defendant MOUSER ELECTRONICS, INC. ("MOUSER") is, on information and belief, a Delaware corporation with a place of business at 1000 N. Main St., Mansfield, Texas 76063-1514.

7. Defendant NATIONAL INSTRUMENTS CORP. ("NATIONAL INSTRUMENTS") is, on information and belief, a Delaware corporation with a place of business at 11500 North Mopac Expressway, Austin, Texas 78759.

8. Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("SAMSUNG") is, on information and belief, a New York corporation with a place of business at 105 Challenger Road, Ridgefield Park, New Jersey.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their

substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, on information and belief, within this state the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from the foregoing. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from the foregoing. Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,539,190

11. United States Patent No. 7,539,190 ("the '190 patent") entitled "Multicasting In A Shared Address Space" was filed on February 13, 2004 and issued on May 26, 2009. The '190 patent is entitled to priority from U.S. Application No. 60/534,586, which was filed on January 5, 2004.

12. The named inventors of the '190 patent are Heath Stewart, Michael de la Garrigue, Chris Haywood, Thomas Reiner and Ken Wong.

13. iMac MC is the assignee of all right, title and interest in the '190 patent. Accordingly, iMac MC has standing to bring this lawsuit for infringement of the '190 patent.

14. One or more claims of the '190 patent cover, inter alia, PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast. Dualcast is a species of multicast.

15. On information and belief, Defendant PLX has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

16. Further, on information and belief, at least since becoming aware of the '190 patent, PLX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

17. Upon information and belief, any such induced infringement by PLX would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

18. Defendant PLX is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

19. On information and belief, Defendant ALIENWARE has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

20. Further, on information and belief, at least since becoming aware of the '190 patent, ALIENWARE has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

21. Upon information and belief, any such induced infringement by ALIENWARE would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

22. Defendant ALIENWARE is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

23. On information and belief, Defendant AVNET has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

24. Further, on information and belief, at least since becoming aware of the '190 patent, AVNET has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

25. Upon information and belief, any such induced infringement by AVNET would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

26. Defendant AVNET is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

27. On information and belief, Defendant DELL has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

28. Further, on information and belief, at least since becoming aware of the '190 patent, DELL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

29. Upon information and belief, any such induced infringement by DELL would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

30. Defendant DELL is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendant MOUSER has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

32. Further, on information and belief, at least since becoming aware of the '190 patent, MOUSER has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

33. Upon information and belief, any such induced infringement by MOUSER would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

34. Defendant MOUSER is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

35. On information and belief, Defendant NATIONAL INSTRUMENTS has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

36. Further, on information and belief, at least since becoming aware of the '190 patent, NATIONAL INSTRUMENTS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

37. Upon information and belief, any such induced infringement by NATIONAL INSTRUMENTS would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

38. Defendant NATIONAL INSTRUMENTS is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

39. On information and belief, Defendant SAMSUNG has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

40. Further, on information and belief, at least since becoming aware of the '190 patent, SAMSUNG has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

41. Upon information and belief, any such induced infringement by SAMSUNG would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

42. Defendant SAMSUNG is thus liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

**PRAYER FOR RELIEF**

WHEREFORE, iMac MC respectfully requests that this Court enter:

1. A judgment in favor of iMac MC that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '190 patent;

2. A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '190 patent;

4. A judgment and order requiring Defendants to pay iMac MC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '190 patent as provided under 35 U.S.C. § 284;

5. An award to iMac MC for enhanced damages as provided under 35 U.S.C. § 284;

6. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to iMac MC its reasonable attorneys' fees; and

7. Any and all other relief to which iMac MC may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

March 25, 2011

Respectfully submitted,

INTERNET MACHINES MC LLC

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Voice (903) 753-9300
Fax (903) 553-0403
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
INTERNET MACHINES MC LLC