# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS – MARSHALL DIVISION

Internet Machines MC LLC

    Plaintiff,

    v.

PLX Technology, Inc.;
Avnet, Inc.;
Mouser Electronics, Inc.;
National Instruments Corporation
Symmetry Electronics Corporation, d.b.a.
     Semiconductorstore.com
Concurrent Technologies, Inc.
EMC Corporation
Gigabyte Global Business Corporation
Mercury Computer Systems
MSI Logistic LLC
Freedom USA, Inc., d.b.a. AVADirect Custom
    Computers
TigerDirect, Inc.
CDW Direct, LLC
J & R Electronics Inc.
Fusion-IO, Inc.
ASUS Computer International
VisionTek, Inc.
Advantech Corporation
Avago Technologies U.S., Inc.
Cyclone Microsystems
ASRock America, Inc.

    Defendants.

2:11-cv-00193 TJW-CE

First Amended Complaint for
Patent Infringement

Jury Trial Demanded

Plaintiff Internet Machines MC LLC files this First Amended Complaint against

PLX Technology, Inc.; Avnet, Inc.; Mouser Electronics, Inc.; National Instruments

Corporation; Symmetry Electronics Corporation, d.b.a. Semiconductorstore.com;

Concurrent Technologies, Inc.; EMC Corporation; Gigabyte Global Business

Corporation; Mercury Computer Systems; MSI Logistic LLC; Freedom USA, Inc., d.b.a.

AVADirect Custom Computers; TigerDirect, Inc.; CDW Direct, LLC; J & R Electronics

Inc.; Fusion-IO, Inc.; ASUS Computer International; VisionTek, Inc.; Advantech Corporation; Avago Technologies U.S., Inc.; Cyclone Microsystems, Inc.; ASRock America, Inc. (collectively "Defendants").

### FIRST CLAIM FOR RELIEF – INFRINGEMENT OF U.S. PATENT NO. 7,539,190

### PARTIES

1. Internet Machines MC LLC ("iMac MC" or "Plaintiff") is a Texas limited liability company with its place of business at 208 N. Green Street, Suite 310 in Longview, Texas.

2. Defendant PLX Technology, Inc. ("PLX") is, on information and belief, a Delaware corporation with a place of business at 870 W. Maude Avenue, Sunnyvale, California 94085.

3. Defendant Avnet, Inc. ("Avnet") is, on information and belief, a New York corporation with a place of business at 2211 South 47th Street, Phoenix, Arizona 85034.

4. Defendant Mouser Electronics, Inc. ("Mouser") is, on information and belief, a Delaware corporation with a place of business at 1000 N. Main St., Mansfield, Texas 76063-1514.

5. Defendant National Instruments Corporation ("National Instruments") is, on information and belief, a Delaware corporation with a place of business at 11500 North Mopac Expressway, Austin, Texas 78759.

6. Defendant Symmetry Electronics, Corp., d.b.a. Semiconductorstore.com ("Symmetry") is, on information and belief, a California corporation with a place of business at 5400 West Rosecrans Ave., Hawthorne, CA 90250.

7. Defendant Concurrent Technologies, Inc. ("Concurrent ") is, on information and belief, a California corporation with a place of business at 6 Tower Office Park, Woburn, MA 01801.

8.   Defendant EMC Corporation ("ECM") is, on information and belief, a Massachusetts corporation with a place of business at 176 South St., Hopkinton, MA 01748.

9.   Defendant Gigabyte Global Business Corporation ("Gigabyte") is, on information and belief, a California corporation with a place of business at 17358 Railroad St, City of Industry, CA  91748-1023.

10.  Defendant Mercury Computer Systems, Inc. ("Mercury") is, on information and belief, a Massachusetts  corporation with a place of business at 199 Riverneck Rd., Chelmsford, MA 01824.

11.  Defendant MSI Logistic LLC  ("MSI") is, on information and belief, a Wyoming corporation with a place of business at 901 Canada Court, City of Industry, CA 91748.

12.  Defendant Freedom USA, Inc., d.b.a. AVADirect Custom Computers ("AVADirect") is, on information and belief, an Ohio corporation with a place of business at 1750 Highland Rd., Suite 4, Twinsburg, OH 44087.

13.  TigerDirect, Inc. ("TigerDirect") is, on information and belief, a Florida corporation with a place of business at 7795 W Flagler St., Suite 35, Miami, FL. 33144.

14.  Defendant CDW Direct , LLC ("CDW") is, on information and belief, an Illinois limited liability company with a place of business at 300 N. Milwaukee Ave., Vernon Hills, IL 60061.

15.  Defendant J & R Electronics Inc. ("J&R") is, on information and belief, a New York corporation with a place of business at 23 Park Row, New York, NY 10038.

16.  Defendant Fusion-IO, Inc. ("Fusion-IO") is, on information and belief, a Utah corporation with a place of business at 2855 E. Cottonwood Parkway, Suite 100, Salt Lake City, UT 84121.

17.  Defendant Asus Computer International ("ASUS") is, on information and belief, a California corporation with a place of business at 800 Corporate Way, Fremont, CA 94539.

18.  Defendant VisionTek, Inc. ("VisionTek ") is, on information and belief, an Illinois corporation with a place of business at 1175 Lakeside Dr., Gurnee, Illinois 60031.

19.  Defendant Advantech Corporation ("Advantech") is, on information and belief, a California corporation with a place of business at 380 Fairview Way, Milpitas, CA 95035.

20.  Defendant Avago Technologies U.S., Inc. ("Avago") is, on information and belief, a Delaware corporation with a place of business at 350 W Trimble Rd., San Jose, CA 95131.

21.  Defendant Cyclone Microsystems ("Cyclone") is, on information and belief, a Connecticut corporation with a place of business at 370 James St., New Haven, CT 06513.

22.  Defendant ASRock America, Inc, Inc. ("ASRock ") is, on information and belief, a California corporation with a place of business at 13848 Magnolia Ave, Chino, CA 91710.

## JURISDICTION AND VENUE

23.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged in this complaint. On information and belief, within this state the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified below in this complaint. In addition, on information

and belief, defendants have derived substantial revenues from the foregoing. Further, on information and belief, defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

24.   Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this judicial district each defendant has committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified in this complaint below. In addition, on information and belief, defendants derived substantial revenues from the foregoing. Further, on information and belief, defendants are subject to personal jurisdiction in this district for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.

## FACTS

25.   United States Patent No. 7,539,190 ("the '190 patent") entitled "Multicasting in a Shared Address Space" was filed on February 13, 2004, and issued on May 26, 2009. The '190 patent is entitled to priority from U.S. Application No. 60/534,586, which was filed on January 5, 2004.

26.   The named inventors of the '190 patent are Heath Stewart, Michael de la Garrigue, Chris Haywood, Thomas Reiner and Ken Wong.

27.   iMac MC is the assignee and owner of all right, title and interest in the '190 patent. iMac MC also owns the right to sue for past infringements. Accordingly, iMac MC has standing to bring this lawsuit for infringement of the '190 patent.

28.  One or more claims of the '190 patent cover, *inter alia*, PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast. Dualcast is a species of multicast.

29.  On information and belief, Defendant PLX has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

30.  Further, on information and belief, at least since becoming aware of the '190 patent, PLX has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

31.  Upon information and belief, any such induced infringement by PLX would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.  Defendant PLX, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

33.  On information and belief, Defendant Avnet has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

34.  Further, on information and belief, at least since becoming aware of the '190 patent, Avnet has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

35.  Upon information and belief, any such induced infringement by Avnet would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

36.  Defendant Avnet, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

37.  On information and belief, defendant Mouser has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

38.  Further, on information and belief, at least since becoming aware of the '190 patent, Mouser has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

39.  Upon information and belief, any such induced infringement by Mouser would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially

made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.  Defendant Mouser, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

41.  On information and belief, defendant National Instruments has been and now is infringing the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

42.  Further, on information and belief, at least since becoming aware of the '190 patent, National Instruments has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

43.  Upon information and belief, any such induced infringement by National Instruments would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

44.  Defendant National Instruments, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

45.  On information and belief, Defendant Symmetry has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell

PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

46.  Further, on information and belief, at least since becoming aware of the '190 patent, Symmetry has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

47.  Upon information and belief, any such induced infringement by Symmetry would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

48.  Defendant Symmetry, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

49.  On information and belief, Defendant Concurrent has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

50.  Further, on information and belief, at least since becoming aware of the '190 patent, Concurrent has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

51.  Upon information and belief, any such induced infringement by Concurrent would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.  Defendant Concurrent, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

53.  On information and belief, Defendant EMC has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

54.  Further, on information and belief, at least since becoming aware of the '190 patent, EMC has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

55.  Upon information and belief, any such induced infringement by EMC would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

56.  Defendant EMC, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

57.  On information and belief, Defendant Gigabyte has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell

PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

58.  Further, on information and belief, at least since becoming aware of the '190 patent, Gigabyte has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

59.  Upon information and belief, any such induced infringement by Gigabyte would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

60.  Defendant Gigabyte, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

61.  On information and belief, Defendant Mercury has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

62.  Further, on information and belief, at least since becoming aware of the '190 patent, Mercury has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

63.  Upon information and belief, any such induced infringement by Mercury would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

64. Defendant Mercury, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

65. On information and belief, Defendant MSI has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

66. Further, on information and belief, at least since becoming aware of the '190 patent, MSI has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

67. Upon information and belief, any such induced infringement by MSI would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

68. Defendant MSI, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

69. On information and belief, Defendant AVADirect has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell

PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

70.  Further, on information and belief, at least since becoming aware of the '190 patent, AVADirect has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

71.  Upon information and belief, any such induced infringement by AVADirect would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

72.  Defendant AVADirect, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

73.  On information and belief, Defendant TigerDirect has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

74.  Further, on information and belief, at least since becoming aware of the '190 patent, TigerDirect has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

75.  Upon information and belief, any such induced infringement by TigerDirect would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

76.  Defendant TigerDirect, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

77.  On information and belief, Defendant CDW has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

78.  Further, on information and belief, at least since becoming aware of the '190 patent, CDW has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

79.  Upon information and belief, any such induced infringement by CDW would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

80.  Defendant CDW, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

81.  On information and belief, Defendant J&R has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress

switches having multicast capability, and methods of using PCIExpress switches to multicast.

82.  Further, on information and belief, at least since becoming aware of the '190 patent, J&R has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

83.  Upon information and belief, any such induced infringement by J&R would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

84.  Defendant J&R, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

85.  On information and belief, Defendant Fusion-IO has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

86.  Further, on information and belief, at least since becoming aware of the '190 patent, Fusion-IO has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

87.  Upon information and belief, any such induced infringement by Fusion-IO would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

88.  Defendant Fusion-IO, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

89.  On information and belief, Defendant ASUS has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

90.  Further, on information and belief, at least since becoming aware of the '190 patent, ASUS has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

91.  Upon information and belief, any such induced infringement by ASUS would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

92.  Defendant ASUS, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

93.  On information and belief, Defendant VisionTek has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell

PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

94.  Further, on information and belief, at least since becoming aware of the '190 patent, VisionTek has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

95.  Upon information and belief, any such induced infringement by VisionTek would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

96.  Defendant VisionTek, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

97.  On information and belief, Defendant Advantech has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

98.  Further, on information and belief, at least since becoming aware of the '190 patent, Advantech has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

99.  Upon information and belief, any such induced infringement by Advantech would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

100.    Defendant Advantech, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

101.    On information and belief, Defendant Avago has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

102.    Further, on information and belief, at least since becoming aware of the '190 patent, Avago has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

103.    Upon information and belief, any such induced infringement by Avago would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

104.    Defendant Avago, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

105.    On information and belief, Defendant Cyclone has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell

PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

106.    Further, on information and belief, at least since becoming aware of the '190 patent, Cyclone has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

107.    Upon information and belief, any such induced infringement by Cyclone would necessarily involve intent for the direct infringement the '190 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

108.    Defendant Cyclone, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

109.    On information and belief, Defendant ASRock has been and now is infringing the '190 patent in the State of Texas, in this judicial district and elsewhere in the United States by actions comprising making, using, selling or offering to sell PCIExpress switches having multicast capability, and methods of using PCIExpress switches to multicast.

110.    Further, on information and belief, at least since becoming aware of the '190 patent, ASRock has been or now is indirectly infringing by way of inducing infringement or contributing to the infringement of the '190 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

111.    Upon information and belief, any such induced infringement by ASRock would necessarily involve intent for the direct infringement the '190 patent and the aiding

or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '190 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

112.    Defendant ASRock, therefore, is liable for infringement of the '190 patent pursuant to 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, iMac MC respectfully requests that this Court enter:

1.    A judgment in favor of iMac MC that defendants have infringed, directly, jointly, or indirectly, by way of inducing or contributing to the infringement of the '190 patent;

2.    A judgment that the defendants' infringement is and has been willful and objectively reckless;

3.    A permanent injunction enjoining defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '190 patent;

4.    A judgment and order requiring defendants to pay iMac MC its damages, costs, expenses, and prejudgment and post-judgment interest for defendants' infringement of the '190 patent as provided under 35 U.S.C. § 284;

5.    An award to iMac MC for enhanced damages as provided under 35 U.S.C. § 284;

6.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to iMac MC its reasonable attorneys' fees; and

7.    Any and all other relief to which iMac MC may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of any issues so triable by right under Rule 38 of

the Federal Rules of Civil Procedure.

August 26, 2011

/s/ Andrew W. Spangler
Andrew W. Spangler, Texas Bar No. 24041960
spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Phone (903) 753-9300 • Fax (903) 553-0403

Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Jonathan Pearce, Cal. Bar No. 245,776
jpearce@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Internet Machines MC LLC